IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**JOSEPH RAY,**

    **Plaintiff,**

v.                                                                 **CIVIL ACTION NO. 2:18cv41**
                                                                                **(Judge Bailey)**

**EST VIRGINIA REGIONAL JAIL AUTHORITY;
EASTERN REGIONAL JAIL; PRIMECARE
MEDICAL; JOHN J. SHEELEY, Administrator,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I.     Introduction

On April 16, 2018, the Plaintiff, Joseph Ray, filed a *pro* se complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In addition, he filed a Motion for Leave to Proceed *in forma* pauperis [ECF No.2], together with Consent to Collect Fees from Trust Account [ECF No. 3], and a Prisoner Trust Account Report with ledger sheets. ECF No. 4.

This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make a proposed recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)

### II.     The Complaint

The Plaintiff alleges that while he was confined to the Eastern Regional Jail, he was on metal bunk when the frame broke in half and detached from the wall. The

Plaintiff alleges that he was not immediately taken to the hospital. He then alleges that an hour later, he was found unresponsive and chocking, and smelling salt packs were shoved up both his nostrils. The Plaintiff was apparently transferred to a hospital, where he maintains that his injuries were so bad that the doctor gave him special medicines for the jail to give me. The Plaintiff alleges that Primecare Medical failed to give him that medicine. The Plaintiff alleges that he suffered a "busted" head [pierced wounds] from the metal bunk, a messed up back, migraines and eye issues. For relief, he seeks the maximum punitive damages allowed by law.

### III. Standard of Review

**A.    Pro Se Litigant**

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits

2

> under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

The Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for

3

him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that **some person** has deprived him of a federal right. Second, he must allege that

4

>the person who has deprived him of that right acted under color of state or territorial law.

<u>Gomez</u>, 446 U.S. at 640 (emphasis added).

### IV.  Analysis

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that the Plaintiff fails to present a claim upon which relief can be granted. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." <u>Wyatt v. Cole</u>, 504 U.S. at 161. Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. <u>Gomez</u>, 446 U.S. at 640.

The Plaintiff has named the West Virginia Jail Authority and the Eastern Regional Jail as two of the Defendants. However, institutions are improperly named as defendants in civil rights actions. In addition, the Plaintiff has named Primecare Medical as a Defendant. Again, Primecare Medical is not a "person for purposes of 42 U.S.C. § 1983, and there are no allegations against Primecare involving policies are customs of deliberate indifference. Accordingly, respondent superior does not apply.

The undersigned recognizes that the Plaintiff has named Martin Sheeley, the Administrator of the ERJ as a defendant. However, the Plaintiff failed to make a single allegation against Mr. Sheeley in in the body of his complaint. Instead, the only reference to Mr. Sheeley is contained in the identification of this Defendant as the "[p]erson in charge of the jail and the staff at [ERJ] where this took place. ECF No. 1-3. Accordingly, it appears that the Plaintiff has merely named Mr. Sheeley in his official capacity as the administrator of the ERJ. However, official capacity claims "generally represent only another was of pleading an action against an entity of which an officer is

5

an agent." Kentucky v. Graham, 47 U.S. 159, 165 (1985) (citations and quotations omitted). Therefore, suits against state officials in their official capacity should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (Citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Here, the Plaintiff has made no allegation that would support such a finding, and therefore, the Plaintiff has improperly named Mr. Sheeley as a defendant.

The Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. In this case, the Plaintiff's complaint is both short and plain, but fails to name a proper defendant or to provide any factual allegations against any named individual. Even construing Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted.

## V.  RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, based on the failure to state a claim upon which relief can be granted. This Court further recommends that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED as MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections

identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: July 9, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE